Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GRACE DELSO and Others, Respondents, for Compensation under the Workmen's Compensation Law on Account of the Death of PETER DELSO, *v.* CRUCIBLE STEEL COMPANY OF AMERICA, Employer and Self-Insurer, Appellant.

Third Department, February 28, 1921.

Workmen's Compensation Law — accidental injury or death — pneumonia incited by injury to left side of body — when Appellate Division will not interfere with finding of State Industrial Commission.

While an employee of a steel company was working on a machine for reeling and drawing wire, his hand slipped and the left side of his body came in contact with a frame or guard and he died four days after the injury of " lobar pneumonia " with " contributory myocarditis." *Held*, that there was competent evidence that the injury was the inciting cause of the pneumonia.

As there were many circumstances corroborating the opinion of the experts who traced the pneumonia to the injury, the Appellate Division is not at liberty to interfere with the finding of the State Industrial Commission that the injury was the cause of the pneumonia.

APPEAL by the defendant, Crucible Steel Company of America, from a decision and award of the State Industrial Commission, made on the 10th day of December, 1919.

*Bond, Schoeneck & King* [*Edward Schoeneck* of counsel], for the appellant.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, and *Bernard L. Shientag* of counsel], for the respondent State Industrial Commission.

*John P. Hennessey*, for the claimants, respondents.

VAN KIRK, J.:

Peter Delso was employed by the Crucible Steel Company of America in its plant in Syracuse. On Wednesday, Sep-

tember 11, 1918, he was working on a machine for reeling and drawing wire. His hands were slippery with oil; his hand slipped and the left side of his body came in contact with a frame or guard connected with a spool on which the wire was wound. Exhibit " 3A" shows a man in the position in which Peter Delso stood just before and at the time of his injury, and on Exhibit "A" there is a letter "A" marked on the frame against which his body struck. A man who saw the accident says that his body fell about six inches. Considering the testimony and the photograph and the fact that the man stood firmly on his feet, it seems plain that the force of the blow which he received was due to the amount of strain upon his arm when his hand slipped, and that the force of the blow would be greater the nearer his body was to the frame against which it struck when his hand slipped. When he straightened up, he swore, but said little, if anything, of his injury that afternoon. His work, however, was not active, and much of the time he remained seated. The next day, Thursday, he complained of sickness and of the injury, was sent for first aid, ate no lunch, went to his home and soon to his bed. On Saturday a physician was called, who diagnosed the case as bronchitis. On Sunday the doctor was again called and pronounced the case pneumonia. In the afternoon a consultation of physicians was had; he died Sunday evening at nine o'clock, four days after the injury. The death certificate states the cause of death to be " lobar pneumonia," with " contributory myocarditis."

In the room in which Delso worked there were strong fumes, which irritated the throat. Prior to the injury Delso coughed some, suffered some from asthma, but was otherwise strong and was able to work regularly. Much was made of a dispute whether the pneumonia was on the same side as the injury. The attending physician, Dr. Van Lengen, was a very unsatisfactory witness. His record was incomplete. In testifying he depended upon his memory. The injury was upon the left side. At one time the attending physician says the pneumonia was upon the right side and again it was on the same side as the injury. It appears that it is very difficult to determine whether pneumonia is affecting both sides, or only one.

Experts were examined, two of whom stated that in their opinion the injury was the inciting cause of the pneumonia, and other experts, called for the employer, testified to the contrary.

The employer claimed that the " influenza " was the cause of death. There was a military camp within a little more than one and a half miles from the employer's plant, where the influenza developed and later there were many cases in the city. But the pneumonia, from which Peter Delso died, was not traced with any definiteness to the influenza epidemic.

A reading of all the evidence in the case leaves in the mind a strain of uncertainty; but there was competent evidence that the injury was the inciting cause of the pneumonia; there was a sudden development and a quick termination in the progress of the disease after the injury. There are many circumstances corroborating the opinion of those experts who trace the pneumonia to the injury. The Commission has found that the injury was the cause of the pneumonia. This court is not at liberty, under the evidence and the rules which govern in these cases, to interfere with this finding.

In its opinion the Commission states that " the decision of the Commission now arrived at is in no way influenced or affected by any observations made by the deputy commissioner as the result of his personal inspection," made by him at the plant, without the presence of the employer. (21 State Dept. Rep. 590.)

The award of the Commission should be affirmed.

Award unanimously affirmed.